UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| REBECCA MARTENEY,<br>　　　　　　　　　　Plaintiff,<br>v.<br>EASTMAN OUTDOORS, INC., *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 2:14-cv-00351-JCM-PAL<br>**ORDER** |

　　　　Defendants Eastman Outdoors, Inc., Bass Pro Shops, LLC and Kyle Munoz's filed a Motion to File Sur Reply in Opposition of Plaintiff's Motion to Remand (Dkt. #45). The court has considered the motion and Defendant's Response (Dkt. #48). This matter was referred to the undersigned by the chambers of the district judge, although the district judge will decide the motion to remand itself.

　　　　Defendants seek leave to file a sur-reply, which is attached as Exhibit A to the motion to respond to arguments made in Plaintiff's 23 page reply in support of her motion for remand. Plaintiff initially filed a 4 page motion to remand that alleged Defendant Kyle Munoz was a resident of Nevada who destroyed subject matter jurisdiction. Defendants argue that the reply raised new issues such as fraudulent joinder and other procedural issues not addressed in the initial motion. The reply also requested costs and fees under 28 U.S. C.§ 1447(c) which was not requested in the initial motion which Defendant should have an opportunity to address.

　　　　Plaintiff responds that Defendants' proposed sur-reply attempts "to pierce the pleadings" by attaching the Affidavit of Kyle Munoz which the court should not consider. However, if the court considers the Munoz Affidavit, Plaintiff asks the court to consider Plaintiff's competing affidavit which is attached as Exhibit 1 to the response, and public statements made by Bass Pro

1. on its website and Facebook site attached as Exhibit 2.

2. The court has briefly reviewed the motion to remand, response and reply to decide this motion. The initial motion to remand argued that after Defendant Kyle Munoz was served diversity was destroyed and this court lacks subject matter jurisdiction. Defendants' Response (Dkt. #41) argued that the Plaintiff consented to this court's jurisdiction and waived jurisdictional arguments by failing to raise the issue for 2 ½ months after removal. It also contends that Munoz was fraudulently joined to destroy jurisdiction. Defendant points out that Plaintiff's complaint only identified "Kyle" as a Bass Pro employee and sales person who made representations about the product which allegedly injured the Plaintiff. Plaintiff's Reply (Dkt. #42) counters Defendants' response by arguing that Defendants failed to disclose Kyle's last name until a motion to compel was threatened. The reply also addresses Defendants' waiver of subject matter jurisdiction arguments and fraudulent joinder arguments. However, Plaintiff also raises additional arguments not raised in the initial motion.

Having reviewed and considered the matter,

**IT IS ORDERED** that Defendants request to file a sur-reply (Dkt. #45) is GRANTED. Defendants shall forthwith separately file and docket the proposed Sur Reply attached as Exhibit A to the motion.

Dated this 15th day of July, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE