UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| REBECCA MARTENEY, | Case No. 2:14-CV-351 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| EASTMAN OUTDOORS, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Rebecca Marteney's motion to remand to state court. (Doc. # 39). Defendants Eastman Outdoors, Bass Pro Shops, and Kyle Munoz filed a response in opposition (doc. # 41), and plaintiff replied (doc. # 42).

Also before the court is defendant Kyle Munoz's motion to dismiss. (Doc. # 40). Plaintiff filed a response in opposition (doc. # 44), and defendant Munoz filed a reply (doc. # 46).

I.  **Background**

This case arose from the use of a crossbow purchased by plaintiff at a Bass Pro Shops retail store. (*See* doc. # 41). Plaintiff alleges she was injured while using the Carbon Express X-Force Crossbow at a firing range. (*See id.*)

Plaintiff, a Nevada resident, filed the initial complaint on or about January 16, 2014, in the Eighth Judicial District Court for the District of Nevada. (*See* doc. # 39). The complaint named three defendants: (1) Eastman Outdoors – a Michigan corporation; (2) Bass Pro Shops – a Missouri corporation; and (3) Kyle Munoz – a citizen of Nevada.[1]  Plaintiff alleges defendant Munoz's last name was unknown at the time of filing, because Bass Pro Shops, his employer,

---

[1] Defendant Munoz's last name was unknown at the time of filing. In the filings he is referred to as "KYLE (BASS PRO SHOPS EMPLOYEE)."

**James C. Mahan**
**U.S. District Judge**

would not release his information.

Plaintiff properly served defendants Eastman Outdoors and Bass Pro Shops on February 14, 2014, and February 18, 2014, respectively. (*See id.*). Because plaintiff could not identify defendant Munoz, she did not serve him. (*See id.*). On March 6, 2014, defendants Eastman Outdoors and Bass Pro Shops filed for removal based on diversity jurisdiction. (*See id.*). Plaintiff contends that she did not object to removal because removal was procedurally proper at the time, since all *served* defendants were diverse from the plaintiff. (*See* doc. # 39; 28 U.S.C. § 1441(b)(2)).

On May 12, 2014, plaintiff served defendant Munoz, more than three months after the case had been removed to federal court.

## II.    Legal Standard

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court, i.e., if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). A federal district court has original jurisdiction of all civil actions where (1) the matter in controversy exceeds the sum or value of $75,000 and (2) the parties are citizens of different states. 28 U.S.C. § 1332(a).[1]

"The removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The defendant bears the burden of establishing that removal is proper." *Id.*

## III.    Discussion

Before considering defendant Munoz's motion to dismiss, this court must determine whether it has jurisdiction.

Plaintiff contends that this court no longer has proper jurisdiction and the case should be remanded to state court. Defendants argue that federal jurisdiction is proper. The court will address their arguments in turn.

---

[1] Neither party mentions the potential for federal question jurisdiction under 28 U.S.C. § 1331, and this court can find no basis for federal question jurisdiction on its own. Therefore, the court omits federal question jurisdiction from its analysis. The parties also do not dispute that the amount in controversy exceeds the statutory requirement of $75,000. Therefore, the court will only address the complete diversity requirement under 28 U.S.C. § 1332.

**James C. Mahan**
**U.S. District Judge**

*a) Forum defendant rule*

Even when the requirements for diversity jurisdiction are satisfied, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b). This is known as the forum defendant rule.

The forum defendant rule is intended to protect out-of-state defendants from possible prejudices in state court. *See* Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 940 (9th Cir. 2006) citing *Tosco Corp. v. Cmtys. for a Better Env't.*, 236 F.3d 495, 502 (9th Cir.2001) ("The purpose of diversity jurisdiction is to provide a federal forum for out-of-state litigants where they are free from prejudice in favor of a local litigant." (internal quotations marks omitted)). The need for this protection is absent where the defendant is a citizen of the state where the case is brought. *Lively*, 456 F.3d at 940.

§1441(b) imposes a procedural requirement. Lively, 456 F.3d at 942. A violation of this rule constitutes a waivable non-jursidictional defect subject to the 30-day time limit imposed by § 1447(c). *Id.* A procedural characterization of this rule allows the plaintiff to exert some control over the forum, because the plaintiff can either move to remand the case to state court within the 30-day time limit, or allow the case to remain in federal court by doing nothing. *Id.* at 940.

Defendants argue that plaintiff waived her ability to move for remand under the forum defendant rule, because she did not meet the procedural requirement of filing within 30 days of removal. Plaintiff argues that the forum defendant rule does not apply to this case, because defendant Munoz and plaintiff are both residents of the state of Nevada, which raises a substantive issue and not procedural one.

As the 9th Circuit plainly stated in *Lively v. Wild Oats Markets, Inc.*, the need for the forum defendant rule's protection is absent where the defendant is a citizen of the state where the case is brought. Defendant Munoz is a citizen of Nevada and plaintiff originally sued in the state of Nevada. Therefore, the forum defendant rule is inapplicable and this court need not make a determination of whether plaintiff met the procedural requirements imposed by §§ 1441(b) and

James C. Mahan
U.S. District Judge

- 3 -

1447(c).

b) *Timeliness of plaintiff's remand request*

Though a plaintiff wishing to challenge removal must move for remand within 30 days of filing the notice of removal, objections to the court's subject matter jurisdiction may be raised at any time. 28 U.S.C. § 1447(c).[2]

Plaintiff alleges that, though removal was proper when defendants initially filed, remand became proper once she identified and served defendant Munoz. Plaintiff argues that because defendant Munoz and plaintiff are both residents of Nevada, the parties are not completely diverse and this court now lacks jurisdiction and must remand.

Defendants argue that plaintiff waived any challenge to federal jurisdiction by failing to file a motion for remand within 30 days as required by 28 U.S.C. § 1447(c).

The question before the court is whether there is complete diversity among the parties – a question of this court's subject matter jurisdiction. The case has not reached final judgment. Therefore, if the court finds the parties are not completely diverse, plaintiff's remand request will be timely and the plain language of the statute will mandate remand to the state court.

c) *Diversity of parties*

Plaintiff argues that defendant Munoz's presence as a party destroys diversity, eliminating this court's subject matter jurisdiction. Defendants argue that plaintiff waived any challenge to jurisdiction by failing to file a motion for remand within 30 days as required by 28 U.S.C. § 1447(c). Defendants also argue that plaintiff waived any challenge to jurisdiction by filing multiple motions in this court and appearing at the initial conference without raising this issue.

As discussed above, the district court's subject matter jurisdiction is at issue. As lack of subject matter jurisdiction is not waivable, the time limit under § 1447(c) is inapplicable if complete diversity is destroyed. Therefore, plaintiff's motion to remand is timely so long as this

---

[2] 28 U.S.C. § 1447(c) states, "A motion to remand the case on the basis of **any defect other than lack of subject matter jurisdiction** must be made within 30 days after the filing of the notice of removal under section 1446(a). **If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.**" 28 U.S.C. § 1447(c) (emphasis added).

**James C. Mahan**
**U.S. District Judge**

- 4 -

court finds a lack of diversity.

In Clarence E. Morris, Inc. v. Vitek, the 9th Circuit held that a defendant could not ignore an unserved, non-diverse co-defendant in seeking to remove a case to federal court based on diversity. *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (1969). Plaintiff Morris filed an action against defendants Vitek and United Pacific in Nevada state court. Defendant United Pacific removed the case, citing diversity jurisdiction. Though plaintiff and defendant Vitek were both residents of the same state, defendant Vitek had not yet been served at the time of removal. The 9th Circuit found the district court improperly denied plaintiff's motion to remand and held that defendant Vitek's citizenship did defeat diversity, even though he had not been served at the time the removal petition and motion to remand were filed.

Here, as in Morris, defendant Munoz was not served until after the district court assumed jurisdiction.[3] On March 6, 2014, Eastman Outdoors and Bass Pro Shops, the two defendants who had been served, filed for removal. Though months later, plaintiff's service of defendant Munoz destroyed diversity. Because defendant Munoz and plaintiff are both residents of Nevada there is no complete diversity. Therefore, the court will remand this case to state court, unless defendant Munoz is found to have been fraudulently joined.

d) *Fraudulent joinder*

An exception to the requirement of complete diversity exists where a non-diverse defendant has been "fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder "is a term of art." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* There is a general presumption against finding fraudulent joinder. See

---

[3] Additionally, because the party seeking removal in the instant case, as in *Morris*, has no control over who was served, there is no danger of manipulation (compare *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1268 (9th Cir. 1992)) (allowing unserved defendants to count for jurisdictional purposes would allow plaintiffs in interpleader actions to manipulate diversity).

**James C. Mahan**
**U.S. District Judge**

- 5 -

Hamilton Materials, Inc. v. Dow Chem. Corp., 811 F.2d 1336, 1339. The defendant "is entitled to present the facts showing the joinder to be fraudulent." *Id.*

Plaintiff seeks to remand to state court by arguing that this court does not have diversity jurisdiction under 28 U.S.C. § 1332. Defendant Munoz and plaintiff are both residents of Nevada. Therefore, plaintiff alleges that the proper forum for this case is state court.

Defendants contend that plaintiff fraudulently joined defendant Munoz to destroy diversity jurisdiction and that defendant Munoz's citizenship should be ignored in determining forum.

To find this court's jurisdiction is proper, defendants must successfully overcome the presumption against removal. Plaintiff's failure to state a cause of action against defendant Munoz must be obvious according to the settled rules of the state of Nevada. The court does not find this to be the case.

Defendants rely heavily on another case from this court, *Suckow v. Medtronic, Inc.,* 971 F. Supp. 2d 1042 (D. Nev. 2013), where the court held a defendant had been fraudulently joined. In *Suckow*, a plaintiff brought suit against a pacemaker manufacturer and a non-diverse sales representative for the pacemaker company. *Suckow*, 971 F. Supp. 2d at 1044. Against the sales representative, the plaintiff alleged negligence in monitoring the pacemaker and misrepresentation of the pacemaker's proper functioning. *Id.*

Plaintiff's failure to state a cause of action against the sales representative defendant in *Suckow* was obvious. Plaintiff did not rebut a sworn affidavit by the defendant sales representative that he had not even met the plaintiff until months after the alleged negligence and misrepresentation occurred. *Id.* at 1046-47. This combined with plaintiff's failure to submit any opposition to defendants' removal and failure to respond to defendants' fraudulent joinder allegations painted a clear picture of fraudulent joinder.

Here, by contrast, plaintiff has filed responses to all of defendants' motions and has set forth logical jurisdictional and substantive arguments.

In a negligence action in Nevada, whether a defendant owes a duty of care to a plaintiff is a question of law. *Scialabba v. Brandise Const. Co., Inc.*, 921 P.2s 928, 930 (Nev. 1996).

James C. Mahan
U.S. District Judge

- 6 -

Courts have imposed liability where a "special relationship" exists between the parties, including businessman-patron relationships. *Id.*

Defendant Munoz engaged in a businessman-patron relationship with plaintiff. Though this court disagrees with the plaintiff's assertion that defendant Munoz had a duty to "recommend a crossbow, a deadly weapon, that would not likely result in injury to [p]laintiff," defendant Munoz did have some duty to the plaintiff in his salesperson relationship. There is not an "obvious" failure to state a claim according to the settled rules of the state and this court finds plaintiff did not fraudulently join defendant Munoz.

As defendant Munoz has not been fraudulently joined, and defendant Munoz and plaintiff are both residents of Nevada, there is not complete diversity as required by 18 U.S.C § 1332. This court lacks subject matter jurisdiction and must remand the case to state court. Because this court lacks subject matter jurisdiction, defendant Munoz's pending motion to dismiss is moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand (doc. # 39) be, and the same hereby is, GRANTED. The matter shall be REMANDED for further proceedings.

IT IS FURTHER ORDERED that defendant Kyle Munoz's motion to dismiss (doc. # 40) be, and the same hereby is, DENIED as moot. The clerk is instructed to close the case.

DATED August 26, 2014.

*[signature: James C. Mahan]*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**